IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Traci W., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:21-cv-50431 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| *Defendant*. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Traci W. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her disability insurance benefits. For the reasons set forth below, it is this Court's report and recommendation that Plaintiff's motion for summary judgment be denied, the Commissioner's motion be granted, and the Commissioner's decision be affirmed. Any objection to this report and recommendation must be filed by December 20, 2022. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

**I. Background**

Plaintiff alleges that she has been unable to work since April 2015. R. 290. Plaintiff last worked as a lawn and garden associate at Lowes for approximately a year. However, Plaintiff stopped working in April 2015 because of her conditions. Plaintiff alleges that her depression, back pain, fibromyalgia, attention deficit hyperactivity disorder (ADHD), bipolar disorder, anxiety, blood clot risk, arthritis, attention deficit disorder (ADD), and mood swings affect her ability to work. R. 262, 289. Plaintiff also suffers from obesity. Prior to working at Lowes, Plaintiff

1

also worked at Casey's General Store, Dunkin Donuts, Whole Foods, Sam's Club, and Jewel. R. 327.

In August 2015, Plaintiff filed an application for disability insurance benefits alleging a disability beginning on February 20, 2015, because of her physical and mental impairments. R. 117, 123. On April 26, 2018, an administrative law judge (ALJ) issued a decision finding that Plaintiff was not disabled from February 20, 2015 through the date of the decision. R. 117-26. The ALJ found that Plaintiff had the following severe impairments: ADD/ADHD, bipolar disorder/depression, anxiety, obesity, fibromyalgia, degenerative disc disease of the lumbar spine, and arthritis of the right hip. The ALJ determined that from February 20, 2015 through April 26, 2018, Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform light work with certain restrictions. The ALJ determined that Plaintiff could not perform her past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform, namely light, unskilled jobs.

On January 24, 2020, Plaintiff filed another application for disability insurance benefits that is the subject of this appeal. Plaintiff alleged a disability beginning on April 27, 2018, the day after the first ALJ's decision, due to her physical and mental impairments. R. 262, 289. Plaintiff was 48 years old on her alleged onset date and turned 50 years old on August 3, 2019.

Following a hearing, a different ALJ issued a decision in June 2021, finding that Plaintiff was not disabled. R. 13-30. The ALJ found that Plaintiff had the following severe impairments: fibromyalgia; degenerative disc disease of the lumbar spine; obesity; and bilateral knee arthritis. The ALJ also found that Plaintiff suffered from severe mental impairments. R. 24. The ALJ determined that from April 27, 2018, through September 30, 2019, Plaintiff's date last insured, her

impairments did not meet or medically equal a listed impairment. The ALJ found the prior ALJ's decision persuasive and adopted an identical RFC for light work with certain restrictions. The ALJ determined that Plaintiff could not perform her past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform, namely light, unskilled jobs.

After the Appeals Council denied Plaintiff's request for review on September 15, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff makes several arguments challenging the ALJ's RFC determination relating to both her physical and mental impairments.[1] Plaintiff also argues that the ALJ improperly discounted the opinion of her treating psychiatrist, Dr. Richard Gallagher. The Commissioner responds that Plaintiff has not cited to any evidence to show that the ALJ's RFC was not supported by substantial evidence or that her impairments caused additional functional limitations. Yet, Plaintiff does not respond to the Commissioner's arguments in her reply. Instead, she largely "stands on the arguments presented in her initial memorandum." Pl.'s Reply at 3, Dkt. 18. Plaintiff's failure to respond to such arguments constitutes forfeiture. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an argument in a response brief results in waiver). Nevertheless, even addressing Plaintiff's arguments, the Court finds that a remand is not warranted.

**A. Physical RFC**

Plaintiff argues that the ALJ failed to properly consider her fibromyalgia and obesity in combination with her other physical and mental impairments when determining her RFC. As it relates to her fibromyalgia, Plaintiff argues that the ALJ improperly discounted her subjective complaints of chronic pain, emphasized an absence of corroborating objective findings, and focused on improvement after her date last insured.

A claimant's RFC is the maximum work that she can perform despite any limitations. *See* 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must

---

[1] In her opening brief, Plaintiff also argued that the ALJ failed to consider listing equivalence based on the combined impact of her back issues and fibromyalgia. Pl.'s Mot. at 6-7, Dkt. 12. However, in her reply brief Plaintiff states that she does not argue listing level severity and instead argues that the ALJ failed to properly accommodate her physical impairments in the RFC. Pl.'s Reply at 3, Dkt. 18. Accordingly, the Court will not address Plaintiff's listing argument.

4

base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history and findings, the effects of treatment, reports of daily activities, medical opinions, and effects of symptoms. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. Here, the ALJ considered all the relevant evidence and found Plaintiff capable of performing a reduced range of light work based on the opinions of the state agency reviewing physicians and the decision outlined by the prior ALJ, which addressed a disability ending one day before Plaintiff's current alleged onset date in 2018.

As the Commissioner points out, Plaintiff does not point to any evidence that the ALJ overlooked or otherwise suggest any specific limitations that are supported by the record that were not included in the RFC. Instead, Plaintiff merely argues that the RFC was "inadequate" because the ALJ misunderstood that fibromyalgia pain cannot be measured with objective tests. Pl.'s Mot. at 7, Dkt. 12. It is true that there are no objective tests to determine the severity of fibromyalgia pain. *See Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017). Nevertheless, the ALJ did not outright reject Plaintiff's subjective complaints of pain based on a lack of objective support. The ALJ specifically credited, to some extent, Plaintiff's complaints of pain, paresthesia, and fatigue when restricting Plaintiff to a reduced range of light work. R. 25-26. Plaintiff does not otherwise address how the ALJ improperly evaluated her symptoms of pain or argue how her functioning should have been further limited. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) (explaining that it is not the court's "responsibility to research and construct the parties' arguments") (internal quotations omitted).

Plaintiff also takes issue with the ALJ's reference to Plaintiff's improvement in functioning after her date last insured. It is true that the ALJ made numerous references to Plaintiff's improvement after September 30, 2019. Nevertheless, the Commissioner points out that the ALJ

5

also specifically relied on Plaintiff's improvement during the relevant period to support the RFC determination. In particular, the ALJ pointed to Plaintiff's improvement following numerous injections and similar treatments throughout 2018 and 2019. R. 21. Plaintiff does not address the numerous records showing her reported improvement in pain symptoms following these injections. Instead, Plaintiff takes issue with the ALJ's "reliance upon a waxing and waning of symptoms to undermine the severity of limitations," arguing there "is substantial evidence of fibromyalgia exacerbation and worsening pain." Pl.'s Mot. at 8, Dkt. 12. In support, Plaintiff points to treatment notes showing 18/18 positive fibromyalgia tender points, degenerative disc disease, and decreased sensation. However, Plaintiff provides no argument as to why such treatment notes alone suggest greater limitations.

Plaintiff also points out that despite numerous medications and injections to decrease pain, she still reported worsening pain in June 2018, March 2019, and December 2019. Yet, the ALJ specifically referred to Plaintiff's exacerbated symptoms in June 2018 and March 2019, noting that Plaintiff reported worsening pain after attempting to put a net over her pool and moving into a new house. R. 21-22. The ALJ evaluated these exacerbations as "short periods" of worsening symptoms due to over exertion. R. 21. Plaintiff even acknowledged at the hearing that she had a pattern of overexerting herself and suffering increased pain as a result. R. 55. Plaintiff does not dispute the ALJ's characterization of these records or argue how they support greater limitations. As to Plaintiff's reference to increased pain in December 2019, this record is after the date last insured. It is curious that in the same paragraph of her brief Plaintiff both faults the ALJ for relying on evidence after the date last insured and yet relies on similar evidence to support her argument.

As it relates to her obesity, Plaintiff argues that the ALJ failed to provide an analysis of how her obesity affects her ability to function in a full-time work environment. However, the only

evidence Plaintiff relies on to argue that her obesity is functionally more limiting that the RFC outlined by the ALJ is the opinion from her treating orthopedist, Dr. Jacinthe Malalis, that Plaintiff's pain continued to limit her ability to engage in activities. Pl.'s Mot. at 10, Dkt. 12. Yet, Dr. Malalis' opinion makes no mention of Plaintiff's obesity or its limiting affects. As the ALJ pointed out, Dr. Malalis did not opine on Plaintiff's exertional limitations. Dr. Malalis also references Plaintiff participating in physical therapy, which was not supported by the record. Additionally, Dr. Malalis' opinion was dated after the date last insured and Dr. Malalis did not indicate whether Plaintiff was disabled prior to that date. R. 27-28, R. 1306. For these reasons, Plaintiff has not identified any evidence that the ALJ failed to properly account for in determining her physical RFC.

**B. Mental RFC**

Plaintiff argues that the ALJ failed to explain how her moderate limitations in concentration, persistence, and pace were accommodated into the RFC as it relates to her ability to stay on task and maintain attendance. Plaintiff does not argue that the ALJ should have found more than a moderate limitation in this area of mental functioning. Plaintiff seems to argue only that she is unable to work full-time, not that further limits should have been imposed, due to her functional limitations relating to stress and pain when considered in combination with her mental impairments. Plaintiff relies on *Mandrell v. Kijakazi*, 25 F.4th 514 (7th Cir. 2022) to support her argument.

In *Mandrell*, the court faulted the ALJ for failing to explain how the plaintiff's moderate limitations in concentration, persistence, and pace were accounted for in the RFC. 25 F.4th at 518-19. However, the Court finds that case distinguishable because in *Mandrell*, the ALJ disregarded numerous medical records that supported Plaintiff's subjective symptoms of post-traumatic stress

7

disorder during the relevant period. The court also found that the ALJ's analysis of the plaintiff's symptoms were contradictory and unsupported. Here, Plaintiff points to no evidence that the ALJ failed to consider and merely asks this Court to reweigh the evidence to arrive at a different conclusion, which it cannot do. Although Plaintiff argues that the "medical record is filed with documentation of significant deficits" in Plaintiff's ability to function, she does not identify them or explain how they support additional RFC limitations. Pl.'s Mot. at 13, Dkt. 12. This Court will not "scour through the record to try and find treatment notes that back up Plaintiff's argument." *Jennifer C. v. Saul*, 18 C 1243, 2019 WL 4345344, at *4 (N.D. Ill. Sept. 12, 2019).

Plaintiff only points to her treating psychiatrist's, Dr. Gallagher's, opinion from May 2021 to argue that stress is an aggravating factor that the ALJ failed to consider when formulating the RFC. Plaintiff acknowledges that Dr. Gallagher found lesser limitations than the ALJ in certain areas of functioning, but he nevertheless opined that stress would cause her to be off task more than 15% of the workday and miss more than 3 days per month. R. 1295-98. However, Plaintiff does not address the ALJ's evaluation of Dr. Gallagher's opinion as conclusory and unsupported by the record. The ALJ found that Dr. Gallagher's records showed only short-term abnormal findings and that Plaintiff's fluctuating symptoms were never severe enough to preclude her from performing full-time work with certain restrictions. The ALJ also discredited Dr. Gallagher's opinion because it was provided after the date last insured and indicated only that the limitations would "possibly" relate to Plaintiff prior to her date late insured. R. 1295. Dr. Gallagher's only definitive opinion for the relevant period was that Plaintiff "was not totally disabled from significant gainful employment before the date of September 30, 2019 because of mental limitations." R. 1298. Plaintiff has not pointed to any other evidence that her stress or pain in

combination with her mental impairments requires a more limited RFC. Accordingly, the Court finds the ALJ's RFC assessment supported by substantial evidence.

**C. Treating Psychiatrist**

Lastly, Plaintiff makes a cursory argument that the ALJ improperly discounted the opinion of her treating psychiatrist, Dr. Gallagher. As indicated above, Plaintiff does not explain why the ALJ improperly evaluated Dr. Gallagher's opinion. Plaintiff's entire argument consists of one paragraph. Yet, in that paragraph, Plaintiff does not dispute the ALJ's reasons for discounting Dr. Gallagher's opinion, including that Plaintiff did not see Dr. Gallagher frequently during the relevant period, there was no significant testing, and his opinions were inconsistent with the objective examinations.[2]

Instead, Plaintiff argues only that the ALJ should not have discounted Dr. Gallagher's opinion for merely checking off boxes on the opinion form and should have given more weight to the length of the treatment relationship. As to the opinion form, the ALJ questioned Dr. Gallagher's "checkmark opinions" but did so in weighing the supportability and consistency of the opinion as required by the regulations. *See* 20 C.F.R. § 404.1520c(b)(2) (stating that supportability and consistency "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions"). Plaintiff does not address the ALJ's evaluation of these factors.

As to the treatment relationship, the ALJ specifically considered that Plaintiff saw Dr. Gallagher "consistently but not frequently." R. 27. As reflected in the medical record, Plaintiff

---

[2] Because Plaintiff filed her application for disability insurance benefits after March 2017, 20 C.F.R. § 404.1520c governs her claim and provides that ALJs will evaluate all medical opinions using the following factors: supportability, consistency, relationship with the claimant (including length of the treatment relationship and frequency of examinations), specialization, and any other factors which tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(c).

only saw Dr. Gallagher five times during the relevant 17-month period with visits in May and June 2018 and then again in January, February, and July 2019. *See* R. 374-75, 388-90. Plaintiff does not dispute the number of times she saw Dr. Gallagher during the relevant period or provide any support for why a lengthy treatment relationship alone supports Dr. Gallagher's opinion. Plaintiff does not even mention that Dr. Gallagher's opinion was rendered after her date last insured and was unclear on whether the limitations applied during the relevant period.

The ALJ evaluated Dr. Gallagher's opinion using the relevant factors pursuant to 20 C.F.R. § 404.1520c and gave adequate reasons for finding his limitations unpersuasive. Plaintiff makes no attempt to address the ALJ's specific reasons for discounting Dr. Gallagher's opinion or cite to any contrary evidence to challenge the ALJ's determination. As such, Plaintiff is merely asking this Court to substitute its judgment for that of the ALJ's. The Seventh Circuit has made clear that that the role of a reviewing court is to review the ALJ's weighing of medical opinions for substantial evidence, which are only to be overturned if no reasonable mind could accept the ALJ's conclusion. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022); *Anders v. Saul*, 860 Fed. App'x 428, 432 (7th Cir. 2021) ("[I]t is not our place to reweigh the evidence or substitute our judgment for that of the ALJ's.") (unpublished) (internal quotation marks and citation omitted). The Court finds that substantial evidence supports the ALJ's weighing of Dr. Gallagher's opinion. Accordingly, the Court finds that a remand is not warranted.

### IV. Conclusion

For the foregoing reasons, it is this Court's report and recommendation that Plaintiff's motion for summary judgment be denied, the Commissioner's motion be granted, and the Commissioner's decision be affirmed. Any objection to this report and recommendation must be filed by December 20, 2022. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may

result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: December 6, 2022   By:   _/s/ Lisa A. Jensen_
Lisa A. Jensen
United States Magistrate Judge

11